## In Re: Tax Claim Bureau of Berks County

*Elliot B. Goldstan*, for the Tax Claim Bureau of Berks County.
*Annabelle D. Mosser*, in propria persona.

SAYLOR, *J.*, January 26, 1981 — Appellant, Annabelle D. Mosser, filed a petition for stay of judicial sale on December 12, 1980. This court entered an order on December 15, 1980, dismissing the petition and directing the judicial sale to proceed as scheduled. Appellant has filed a notice of appeal with the Commonwealth Court and we, therefore, file this opinion in support of the order.

The instant appeal constitutes the most recent entry in a long history of efforts by appellant to prevent the sale of her real property located at 1026 Penn Street, Reading, Pa., for failure to pay taxes.

This matter was previously before the Commonwealth Court[1] after this court denied a prior petition for a stay of a judicial sale scheduled for November 27, 1979. Since the prior record in this case is familiar to the Commonwealth Court, we will limit out review solely to facts relevant to the instant petition.

Upon appellant's original appeal to the Commonwealth Court, the Honorable Genevieve Blatt, by order dated December 12, 1979, denied appellant's request for a stay of the judicial sale. After further applications before the Commonwealth Court, that court, on May 20, 1980, quashed the appeal. The Commonwealth Court remanded the record to this court on August 5, 1980.

Thereafter, the present judicial sale of the property was scheduled for December 16, 1980. Pursuant to the most recent petition for a stay, we issued upon the Tax Claim Bureau of Berks County a rule to show cause why the sale should not be stayed and on December 15, 1980, a hearing was held on the petition.

Appellant contends that she did not receive proper notice of the sale pursuant to recent amendments to the Real Estate Tax Claim Law.[2] Section 601(a) of the amended law,[3] effective July 10, 1980, provides in pertinent part that owner occupied property shall not be sold until at least ten

1. No. 2268 C.D. 1979

2. Act of July 7, 1947, P.L. 1368, as amended (codified at 72 P.S. §5860.101 et seq).

3. Act No. 1980-98.

days after the owner occupant is personally notified of the sale by the sheriff or his designee. Appellant also asserts that the Tax Claim Bureau misled her into believing her property was not in fact subject to the December 16, 1980, judicial sale.

We denied the stay because we found appellant's claims to be without merit. First, we do not believe new section 601(a) applies to appellant. The judicial sale of appellant's property has been pending since well before November, 1979, when appellant sought a stay in the Commonwealth Court. The Commonwealth Court then refused to stay the sale, quashed the appeal and remanded the matter to this court. This is not a wholly new proceeding under the Real Estate Tax Law, but merely the culmination of the proceeding wherein the property was listed for judicial sale in November, 1979.

More dispositive of the issue, the record in this matter reveals that appellant had actual notice of the sale well in advance of the December 16, 1980, sale date. Appellant admits she obtained actual notice of the scheduled sale on at least November 28, 1980, eighteen days prior to the sale.[4] Thirty days prior to the scheduled sale, notice of the sale was given by publication.[5] Appellant obtained actual and sufficient notice of the sale in advance of that she would have obtained even if new section 601(a) did apply to the sale.

Appellant advanced to this court no substantive reason why a stay should be issued. Not one fact has been brought to this court's attention which would lead us to conclude even the most minor prejudice resulted to appellant by reason of the

---

4. Appellant's petition for stay, para. 10.

5. Appellant's petition for stay, exhibit "C."

manner in which the proceedings leading up to the sale of December 16, 1980, were conducted.